IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 AUG 22  PM 2:22

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| WILLIAM NEALY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO: |
| | ) | |
| FRESENIUS MEDICAL CARE | ) | **1 :11 -cv- 1146 TWP-TAB** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Statement of the Case**

1.     Plaintiff, William Nealy ("Nealy"), brings this action against Defendant, Fresenius Medical Care ("Defendant"), alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. and the Americans with Disabilities Act, as amended ("ADA") 42 U.S.C. § 12101 et seq.

**II. Parties**

2.     At all times relevant to this action, Nealy resided in the Southern District of Indiana.

3.     At all times relevant to this action, Defendant conducted business and maintained offices in the Southern District of Indiana.

### III. Jurisdiction and Venue

4.      At all time relevant to this action, Nealy was an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2) was had a disability recognized by the ADA.

5.      Defendant is an "employer" as that term is defined by 29 U.S.C. § 2611(4).

6.      Jurisdiction is conferred on this Court by 29 U.S.C. § 2617(a)(2), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

7.      All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geo-graphical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV. Factual Allegations

8.      Nealy was employed by Defendant for approximately five (5) years.

9.      At all times relevant to this action, Nealy met or exceeded Defendant's legitimate expectations of performance.

10.      Nealy qualified for FMLA leave for more than one (1) year prior to Defendant's termination of his employment.

11.      On several occasions during calendar year 2008 and through July of 2010, Nealy requested FMLA leave due to his Hypoglycemia. Nealy's request for FMLA leave was authorized by the FMLA's governing regulations at 29 CFR § 825.113.

12.     Beginning in 2010, Nealy needed to take intermittent FMLA leave to care for his ailing mother. Nealy's request for FMLA leave was authorized by the FMLA's governing regulations at 29 CFR § 825.124.

13.     Defendant was aware of both Nealy's disability and of his mother's health condition.

14.     Nealy's supervisor accused Nealy of making up reasons for taking FMLA leave.

15.     Nealy's mother was diagnosed with stage four lung cancer. Subsequent to Nealy's termination, his mother passed away due to the cancer.

16.     On May 25, 2010, Defendant issued Nealy a two-day suspension for taking FMLA leave to care for his Mother.

17.     On July 20, 2010, Nealy required medical treatment due to his disability. He visited his personal Doctor on July 21, 2010.

18.     On July 23, 2010, Nealy returned to work.

19.     that same day, Defendant falsely accused Nealy of damaging a company vehicle in a parking lot accident.

20.     Defendant terminated Nealy's employment on July 23, 2010.

21.     Defendant never requested Nealy to submit to a drug test, which is standard operating procedure after any accident.

22.     Defendant never requested or filed a police report concerning the alleged accident.

23.     Nealy was not in an accident in his company truck.

24.     Another of Defendant's driver's was driving Nealy's truck on several occasions during the time of the alleged accident.

25.     Nealy is not aware of any damaged caused to his truck.

26.     Defendant has not falsely accused and subsequently terminated other employees who have a disability, or who are associated with someone with a disability.

27.     Defendant's actions were intentional, willful, and in reckless disregard of Nealy's rights as protected by the FMLA and ADA.

28.     Nealy suffered injury as a result of Defendant's unlawful conduct.


**V. Count I -- Violations of the FMLA**

29.     Nealy hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint.

30.     Defendant interfered with Nealy's attainment of rights in violation of the FMLA.

31.     Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Nealy's rights as protected by the FMLA.

32.     Nealy has suffered damages as a result of Defendant's unlawful actions.


**VI. Count II -- Violations of the ADA**

33.     Nealy hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint.

34.     Defendant terminated Nealy based on his disability, and/or perceived disability, and/or his association with someone with a disability.

35.     Defendant has refused to reinstate Nealy because of his disability, and/or perceived disability, and/or his association with someone with a disability.

36.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Nealy's rights as protected by the ADA.

## VII. Requested Relief

WHEREFORE, Plaintiff, William Nealy, respectfully requests that the Court enter judgment in his favor and provide him the following relief:

1.      Order Defendant to reinstate Nealy to the position he held at the time of his termination or to a comparable position with full seniority, benefits, and wages, or pay to Nealy front pay in lieu thereof;

2.      Order Defendant to pay to Nealy all lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

3.      Order Defendant to pay to Nealy liquidated damages;

4.      Order Defendant to pay punitive damages;

5.      Order Defendant to pay to Nealy all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

6.      Order Defendant to pay to Nealy pre- and post-judgment interest on all sums recoverable;

7.      Enjoin Defendant from future violations of the FMLA and ADA; and

8.      Order Defendant to provide Nealy with all other legal and/or equitable relief to which he is entitled.

Respectfully Submitted,

/s/ Michael Dalrymple

Michael Dalrymple, 23539-53
Michael Dalrymple, Attorney at Law
1847 Broad Ripple Avenue
Suite 1A
Indianapolis, IN 46220
Phone: (317) 614-7390
E-mail:  michaeld@dalrymple-law.com

Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Michael Dalrymple
Michael Dalrymple, 23539-53
Michael Dalrymple, Attorney at Law
1847 Broad Ripple Avenue
Suite 1A
Indianapolis, IN 46220
Phone: (317) 614-7390
E-mail: michaeld@dalrymple-law.com

Attorney for Plaintiff